UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSA CASTILLO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 3:23-CV-00467-ATB |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | |

# ORDER

Plaintiff Rosa Castillo brings this personal injury action against Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"), alleging that its negligence proximately caused her injuries after a slip-and-fall in its premises. Before the Court is Wal-Mart's "Motion for Physical Examination" (ECF No. 39) ("Motion"), in which it seeks to compel Plaintiff to submit to a physical examination without the conditions she seeks to impose—allowing a third party into the examination and video-taping the examination.

Local Rule CV-7(g) states that the Court

> may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

W.D. Tex. Loc. R. CV-7(g). Simply put, it requires the parties to meet and "confer" in "good faith" to resolve the dispute without court intervention before they file a non-dispositive motion, such as one on discovery matters. *See* 12 Charles Wright & Arthur Miller, *Fed. Practice & Procedure* § 3068.2 (4th ed.) (Motions on discovery matters are generally non-dispositive.); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *Silva v.*

*Mercado Food Enter., Inc.*, No. 1:10-CV-02368 AWI, 2012 WL 174926, at *4 (E.D. Cal. Jan. 20, 2012) ("Clearly, a Rule 35 motion is a non-dispositive motion."); *Boyd v. Stern*, No. C06-360P, 2006 WL 3734154, at *1 n.1 (W.D. Wash. Dec. 15, 2006) (finding that plaintiff's Rule 35 request was a non-dispositive matter).

To "confer" means that the parties must have enough two-way communications to discuss, deliberate, or compare views on any issues necessary to resolve the dispute. *See Perkins v. United States Parcel Serv. of America, Inc.*, No. EP-23-CV-258-KC, 2024 WL 1493808, at *1 (W.D. Tex. Apr. 5, 2024); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012). And to do so in "good faith" means that the parties must genuinely attempt to resolve the dispute without judicial intervention, and not to treat their negotiations simply as a formal prerequisite for judicial review. *Perkins*, 2024 WL 1493808, at *1; *Compass*, 287 F.R.D. at 399. To that end, parties flout Local Rule CV-7(g) when they file non-dispositive motions after, for example, only communicating through one-way letters or emails, or demanding compliance from one another without first identifying and discussing any specific issues.[1]

Here, the Court concludes that Wal-Mart flouted Local Rule CV-7(g) because it filed the Motion before the parties met and conferred on the requested Rule 35 examination. A review of the Motion and its exhibits reveals that the parties' discussions on the requested Rule 35 examination were limited to just three short emails exchanged within a one-hour period. *See* Mot., Ex. 1 at 1–2. In the first email, Wal-Mart's counsel asked Plaintiff's counsel "if [they [would] agree to an IME [(independent medical examination)] without the need of filing a motion." *Id.*,

---

[1] *See, e.g., Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (plaintiff's communications that threatened defendant with moving to compel if discovery requested was not produced did not satisfy meet-and-confer requirement); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (parties do not satisfy the conference requirement simply by requesting or demanding compliance with discovery requests).

Ex. 1 at 2. In the second email, Plaintiff's counsel responded that they agreed to an IME "so long as [Plaintiff] can bring a friend/relative/or someone" working with her counsel "and have the IME video recorded." *Id.* But Plaintiff's counsel warned that they would not "agree to anything invasive." *Id.* In the third and last email, Wal-Mart's counsel rejected those conditions as "unreasonable" and warned that they would file this Motion. *Id.*, Ex. 1 at 1.

In short, these emails reveal that rather than meet and confer, the parties merely reiterated their demands to one other without more. As explained above, communication through one-way letters and simply reiterating demands of compliance with disputed discovery requests are not genuine attempts to resolve a dispute without court intervention. *See Velazquez*, 272 F.R.D. at 312; *Cotracom*, 189 F.R.D. at 459; *see also Antonis v. Elecs. for Imaging, Inc.*, No. 07–cv–163–JL, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("[A]s a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies.").

Thus, the Court **DENIES** Defendant Wal-Mart Stores Texas, LLC's "Motion for Physical Examination" (ECF No. 39) **WITHOUT PREJUDICE and WITH LEAVE TO REFILE only after** the parties have met and conferred consistent with W.D. Tex. Loc. R. CV-7(g) and this Order.

The Court **WARNS** the parties that repeated failure to comply with the Court's Local Rules may result in **SANCTIONS.**

**So ORDERED and SIGNED this 8th day of October 2024.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**